IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COTTON STATES MUTUAL<br>INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.: 07-CV-843 |
| v. | | |
| | * | |
| ROBERT STANLEY DANIEL | | |
| | * | |
| Defendant. | | |

# REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held via telephone on November 1, 2007 at the offices of Adams and Reese LLP, 11 N. Water Street, Suite 23200, Mobile, Alabama 36602 and the office of John A. Tinney, in Roanoke, Alabama and was attended by:

>Jannea S. Rogers
>Adams and Reese LLP
>One St. Louis Street
>Suite 4500
>Mobile, AL 36602
>
>**for Plaintiff;**
>
>John A. Tinney, Esq.
>P. O. Box 1430
>Roanoke, Alabama  36274
>
>**for Defendant.**

The parties do not request a conference with the court before entry of the scheduling order.

1.     Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendants brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense.

### A.     PLAINTIFF'S NARRATIVE STATEMENT.

Plaintiff is a Mutual Insurance Company that issued a policy of insurance to Defendant Robert Stanley Daniel. The policy was in writing and contained a specific discription of the coverages provided as well as the exclusions from coverage. Defendant Robert Stanley Daniel has made a claim against the policy which Plaintiff Cotton States believes to be governed by one or more exclusions in the policy.

Defendant Robert Stanley Daniel has been named as a Defendant in a action pending in Randolph Ccounty, Alabama for which he seeks coverage. The suit brought against Daniel by Paula Yates asserts the following:

Daniel is the Pastor of El Bethel Baptist Church (hereinafter "Church") and the Administrator of the Pearls of Promise Girls Academy (hereinafter "Academy") and the El Bethel Baptist Christian School (hereinafter "School"). That between October 2005 and May 2007, Yates' minor child "BY" was enrolled and attended the school and academy and resided in the parsonage and/or residence quarters on the premises of the Church. It is alleged Defendant Daniel: (1) used his position of authority to engage the minor "in inappropriate and perverted acts"; (2) used his position "to satisfy his own perverted desires and prurient interests"; (3) provided "prescription drugs, including Ambien and Loratab, on a regular basis" to the minor child; (4) "sexually molested the minor" describing specifically the acts alleged to have occurred; (5) "distributed to the Minor" ... "pornographic and lewd text messages and photos" and other more specifically

described acts; (6) committed physical and sexual assault on the minor child and has physically and verbally "harassed and intimidated the minor." The alleged assaults, harassment and intimidation as well as other acts complained of allegedly occurred on the grounds of the Church, Academy and School and have resulted in Yates suing for physical and emotional distress allegedly caused to "BY".

The Complaint contained six counts and asserts: (1) a claim for sexual assault and unlawful battery; (2) a claim the church, academy and school were negligent and/or wanton; (3) a claim for negligent or wanton intentional infliction of emotional distress; (4) invasion of privacy; (5) a breach of fiduciary duty; (6) a claim for outrage. Counts I through VI seek non specific compensatory and punitive damages.

Defendant Daniel has made demand upon Plaintiff Cotton States to provide defense and indemnity pursuant to his Home Insurance Policy for the complaint brought by Yates. The Home Insurance Policy issued by Plaintiff contains exclusions from coverage for the claims asserted by Yates in the pending state court action. The Home Insurance Policy excludes from coverage any exemplary or punitive damages as sought by Yates, any suit or claim that does not involve bodily injury or property damage caused by an "occurrence as defined within the policy," incidences which are not defined as an "occurrence", claims pursued as a result of contracts or agreements entered into by an insured such as a breach of contract claim, from coverage for intentional acts of the insured, acts arising out of or in connection with a business engaged in by an insured, acts arising out of a premises owned by insured, rented to an insured or rented to others by an insured that is not a specifically insured location, for bodily injury or property damages

arising out of physical or mental abuse whether intentional or not, for bodily injury or property damage arising from an alleged criminal or unlawful act,

Plaintiff Cotton States Mutual Insurance Company hereby requests a Declaratory Judgment such that the exclusions and contained within the Home Insurance Policy attached hereto, provide no coverage for defense or indemnity from the claims of Yates against Defendant Daniel.

### B.   DEFENDANT'S NARRATIVE STATEMENT:

Defendant believes the exclusion do not apply and demands strict proof of Plaintiff's claims. Defendant demands coverage not only for liability but for an attorney to defend him on this case.

2.   This non-jury action should be ready for trial by **June 30, 2008**, and at this time is expected to take approximately **two (2) days**.

3.   The parties request a pretrial conference in the four to six weeks prior to trial.

4.   Discovery Plan. The parties jointly propose to the court the following discovery plan:

(a).   Discovery will be needed on the following subjects:

The plaintiff's claims as described in paragraph 1(a), including Plaintiff's claim for a declaratory judgment on the issue of coverage.

(b).   All discovery commenced in time to be completed by **March 30, 2008**.

5.   Initial Disclosures. The parties will exchange by **November 28, 2007** the

information required by Fed.R.Civ.P. 26(a)(1).

6.    The parties request until **January 15, 2008** to join additional parties and amend the pleadings.

7.    Reports from retained experts under Rule 26(a)(2) due:

   (a).    From Plaintiff/Counter Defendant by **January 30, 2008**.

   (b).    From Defendant/Counter Claimant by **February 21, 2008**.

8.    Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3) due 30 days before trial.

9.    Discovery Limits.

   a.    Maximum of **thirty (30)** interrogatories by each party to any other party.  Responses due **thirty (30)** days after service.

   b.    Maximum of **ten (10)** depositions.  Each deposition limited to a maximum of **eight (8)** hours unless extended by agreement of parties.

   c.    Maximum of **thirty (30)** requests for admission by each party to any other party.  Responses due **thirty (30)** days after service.

   d.    Maximum of **forty-five (45)** requests for production of documents by each party to any other party.  Responses due **thirty (30)** days after service.

10.    All potentially dispositive motions filed by **April 15, 2008**.

**11.**    Settlement may be enhanced by use of the following alternative dispute resolution procedure: **None at this time.**

12.    There are no other matters.

/s/ Jannea S. Rogers
Jannea S. Rogers (rogej7403)
Attorney for Plaintiff
Adams and Reese LLP
11 N. Water Street, Suite 23200
Mobile, Alabama  36602
jannea.rogers@arlaw.com


filed with the express permission of:

/s/ John A. Tinney
John A. Tinney (TIN005)
Attorney for Robert Daniel
P. O. Box 1430
739 Main Street
Roanoke, Alabama  36274
jctinney@hotmail.com