IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


COTTON STATES MUTUAL      )
INSURANCE
                         )
       PLAINTIFF
                         )
VS.                             CIVIL ACTION NO.
                       )    3-07-CV-843-WKW
ROBERT STANLEY DANIEL

       DEFENDANT      )

## RESPONSE TO SHOW CAUSE ORDER

Comes now Defendant Robert Stanley Daniel and in response to the Court's Order to Show Cause why the Defendant's Motion for Summary Judgment Brief was not filed in a timely fashion would state the following:

The undersigned attorney, through what he hopes to be deemed neglect, failed to calendar the response time to the Summary Judgment brief as being a response to a Federal Court case as opposed to a state court case. As this Court knows, the response to a Summary Judgment based on the Alabama Rules of Civil Procedure is due two days before the hearing on a Summary Judgment. The response due in this case was inadvertently calendared on defense counsel's calendar as a state court case as opposed to a Federal Court case. The undersigned fully understands that the response

time to a Summary Judgment Motion in Federal Court is different from that in state court.

The undersigned would further state that during the month of June he had almost exclusively devoted his time to development of a marina on Lake Wedowee in Alabama as a source of retirement income. The undersigned was serving as general contractor, planner/developer, etc. and failed to check more closely during the month as to the manner in which things were calendared during the month of June.

While it is no excuse to pursue another endeavor as opposed to paying attention to your law practice and critical due dates, the undersigned would respectfully state that there has been no prejudice to either side by the delay in submitting the Summary Judgment Brief.

The undersigned has been practicing law for 34 years and has never missed the filing of a Summary Judgment response during that period of time.

For the above and foregoing reasons, the undersigned would respectfully and earnestly request that the Court allow the Response to the Summary Judgment and Brief in support thereof attached hereto as Exhibit A to be filed and to grant the extension of time necessary to allow the

attached Response filed this date to be considered by the Court in this matter.

Respectfully submitted this the 7th day of July, 2008.

s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jannea S. Rogers
William P. Blanton
Adams & Reese
Post Office Box 1348
Mobile, Alabama  36633-1348

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

(NONE)

Respectfully submitted,


s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COTTON STATES | ) | |
| MUTUAL INSURANCE | | |
| COMPANY | ) | |
| | | CASE NO. |
| PLAINTIFF | ) | |
| | | 3-07-CV-843-WKW |
| VS. | ) | |
| | | |
| ROBERT STANLEY DANIEL | ) | |
| | | |
| DEFENDANT | ) | |

<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT</u>

Comes now Defendant and respectfully submits this Response in Opposition to Plaintiff's Motion for Summary Judgment and the accompanying Brief in Opposition to the Plaintiff's Motion for Summary Judgment.

This Response in Opposition is based on the pleadings and exhibits already filed. The record establishes that there exist genuine issues of material fact as to whether Plaintiff has a duty to defend and indemnify Defendant under the terms and conditions of Plaintiff's policy of insurance issued to Defendant. Plaintiff's Motion for Summary Judgment is due to be denied.

Respectfully submitted this the 7th day of July, 2008.

s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jannea S. Rogers
William P. Blanton
Adams & Reese
Post Office Box 1348
Mobile, Alabama  36633-1348

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

(NONE)

Respectfully submitted,

s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COTTON STATES | ) | |
| MUTUAL INSURANCE | | |
| COMPANY | ) | |
| | | |
| PLAINTIFF | ) | CASE NO. |
| | | |
| VS. | ) | |
| | | 3-07-CV-843-WKW |
| ROBERT STANLEY DANIEL | ) | |
| | | |
| DEFENDANT | ) | |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I.    JURISDICTION AND VENUE

This Court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 which provides for diversity jurisdiction when the parties are from different states.  The parties do not contest personal jurisdiction or venue.

### II.    SUMMARY JUDGMENT STANDARD

Judge DeMent clearly stated in the Lemuel v. Admiral Insurance Company, (M.D. Ala. 2006), Civil Action No. 2:03 CV-1101-D opinion issued January 23, 2006, that the proper standard for review on Summary Judgment is as follows:

A court considering a Motion for Summary Judgment must construe the evidence and make factual inferences in the light most favorable to the nonmoving party.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56 (c) .  At this juncture, the court does not "weigh the evidence and determine the truth of the matter,"  but solely "determine[s] whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)

Judge Albritton correctly defined the burden of proof in Summary

Judgment cases in the case of State Farm Fire and Casualty Company v.

Burkhardt (M.D. Ala. 2000), 96 F. Supp. 2d.  1343 where he stated:

> The party asking for Summary Judgment always bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'  Id. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the District Court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Id. at 322-324.

## III.  STATEMENT OF FACTS

### THE UNDERLYING ALLEGATIONS

BY, a minor, by and through her next friend and mother, Paula Yates,

filed a lawsuit against Defendant in the Circuit Court of Randolph County.

(See Plaintiff's Exhibit B.)

The Defendants in the underlying lawsuit are Defendants herein, El Bethel Baptist Church, Pearls of Promise Girls Academy, and El Bethel Baptist Christian School. Id. The following six counts are contained in the underlying lawsuit:

1.    Count One - Assault and Battery;

2.    Count Two - Negligence and/or Wantonness;

3.    Count Three - Negligent and/or Wanton Intentional Infliction of Emotional Distress;

4.    Count Four - Invasion of Privacy;

5.    Count Five - Breach of Fiduciary Duty;

6.    Count Six - Outrage.

Count One of the underlying lawsuit alleges that Defendant sexually assaulted Plaintiff therein, hereinafter "BY". Id.

Count Two alleges that the Defendant negligently and/or wantonly breached his duty to protect BY while she was in Defendant's custody through his alleged sexual misconduct and through Defendant allegedly providing controlled substances to BY, namely Ambien and Lortab. Id.

Count Three alleges that Defendant knew or should have known that his actions toward BY would cause her to suffer emotional distress. Id.

Count Four alleges that Defendant invaded and intruded upon the physical solitude and seclusion of BY both while she was a resident of the academy and after she had left the academy.  Id.

Count Five alleges that Defendant breached his fiduciary duty by failing to properly care for and protect BY while she was in Defendant's custody through his alleged sexual misconduct and through Defendant allegedly providing controlled substances to BY, namely Ambian and Loratab.  Id.

Count Six alleges that Defendant's actions were so extreme in degree as to go beyond all possible bounds of decency and they were atrocious and utterly intolerable while she was in Defendant's custody through his alleged sexual misconduct and through Defendant allegedly providing controlled substances to BY, namely Ambien and Lortab.  Id.

The underlying lawsuit alleges that Defendant used his position as pastor of El Bethel Baptist Church and Administrator of the Pearls of Promise Girls Academy to harm BY.  Id.

## THE POLICY

The insurance policy before this Court is what is commonly known as a homeowner's policy.  (See Plaintiff's Exhibit A.)

The policy provides for the following coverage:

SECTION 2:  LIABILITY COVERAGES:

COVERAGE E - PERSONAL LIABILITY

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which the coverage applies we will:

1.     Pay up to our limit for the damages for which an insured is legally liable.  Damages include pre-judgment interest awarded against an insured: and

2.     Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we paid for damages resulting from the occurrence equals our limit of liability.

The policy defines "occurrence" as meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in; (a) bodily injury; or (b) property damage."  Id.

The policy provides for the following exclusions to the coverages contained in Section 2:

SECTION 2 -  EXCLUSIONS

1.     Coverage E - Personal Liability … does not apply to bodily injury or property damage; (a) which is expected or intended by an insured … (b) arising out of or in connection with a business conducted from an insured location or engaged in by an insured … (c) arising out of the rendering of or failure to render professional services.

The policy also contains another Exclusion to Section 2 - Coverages, which reads as follows:

> The following exclusion is added to Coverage E - Personal Liability … This policy does not cover and will not pay for bodily injury or property damage which arises out of (1) the transmission of a communicable disease by an insured; (2) sexual misconduct, sexual molestation, corporal punishment or physical or mental abuse by an insured, whether or not the acts are in violation of penal or criminal statutes.

## IV.  ARGUMENT

## DUTY OWED TO INSURED

An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured.   Ajdarodini v. State Auto Mutual Insurance Company, 628 So.2d 312, 313 (Ala. 1993);  Sphere Drake Insurance PLC v. Shoney's, 923 F. Supp. 1481 (M.D. Ala. 1996).

If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured.  Chandler v. Alabama Mutual Insurance Company, 585 So.  2d 1365, 1367 (Ala. 1991).

Under Alabama Law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy, Colonial Life and Accident Insurance Company v. Collins, 194 So.2d 532, 535 (Ala. 1967),

while the insurer bears the burden of proving the applicability of any policy exclusion.  Universal Underwriters Insurance Company v. Stokes Chevrolet, 990 F.2d. 598, 605 (11th Cir. 1993).

If an insurance policy is ambiguous in its terms the policy must be construed liberally in favor of the insured, and exceptions to the coverage must be interpreted as narrowly as possible in order to provide the maximum coverage to the insured.  Altiere v. Blue Cross and Blue Shield, 551 So.2d 290, 292 (Ala. 1989).

## "OCCURRENCE"

In their brief, Plaintiffs lead the Court to believe that no count contained in the underlying lawsuit alleges an "occurrence" for which coverage under the policy at issue applies.  Defendant would state that there are genuine issues of material fact as to whether there is an "occurrence" alleged in the underlying lawsuit.

In Alabama there are two tests to determine whether an act of an insured is expected or intended thereby causing it to fall out of the definition of an "occurrence" as defined in the homeowner's policy at issue.

The first is the "inferred intent rule" which provides that in instances where the allegations contained in a count in the underlying complaint are based on sexual abuse or molestation of a child then the intent to injure is

inferred upon the actor as a matter of law.   State Farm Fire and Casualty

Company v. Davis, 612 So.2d 458 (Ala. 1993).

The second test is the "subjective intent test" which provides that an

injury is intended from the standpoint of the insured "if the insured possesses

the specific intent to cause bodily injury to another."   Alabama Farm Bureau

Mutual Casualty Insurance v. Dyer, 454 So.2d 921, 925 (Ala. 1984).   "An

injury is expected from the standpoint of the insured 'if the insured subjectively

possesses the high degree of certainty that bodily injury would result from his

or her act.'"   Speree Drake Insurance PLC v. Shoney's , 923 F. Supp. 1481,

(M.D. Ala. 1996) (quoting Alabama Farm Bureau Mutual Casualty Insurance

v. Dyer, 454 So.2d 921, 925 (Ala. 1984)).   Under the subjective intent test

whether an injury the insured inflicts upon another is expected or intended

from the standpoint of the insured is **a question of fact for the jury or judge**.

State Farm Fire and Casualty Company v. Davis, 612 So.2d 458 (Ala. 1993).

As to whether the underlying lawsuit alleges "occurrences" as defined in

the homeowner's policy at issue, the inquiry for this Court is to determine

whether each count in the underlying lawsuit is based solely on the alleged

sexual misconduct of the Defendant.  If so, then the inferred intent test will

apply to the entire underlying Complaint in determining whether the

Defendant's alleged action were intended and expected thereby bringing or not

bringing the alleged acts within the definitions of an "occurrence" in the policy at issue.

If not, then the subjective intent test will apply to the non-sexual alleged actions of Defendant making up the basis for the underlying complaint to determine the expected and intended results of Defendant by his alleged actions which will determine whether or not an "occurrence" took place.

In so doing, this Court will be required to determine the applicability of the sexual misconduct exclusion contained in the homeowner's policy at issue as to every count contained in the underlying lawsuit.

<u>IS EACH COUNT BASED SOLELY UPON DEFENDANT'S<br>ALLEGED SEXUAL MISCONDUCT?</u>

Among the six counts contained in the underlying lawsuit there are allegations of assault and battery, negligence and/or wantonness, negligent and/or wanton intentional infliction of emotional distress, invasion of privacy, breach of fiduciary duty and outrage.

Count One alleging sexual assault and battery clearly is based solely upon the alleged sexual misconduct of Defendant.

Count Two alleges negligence and/or wantonness. Paragraph 19 in Count Two reads as follows: "Each of the Defendants had a duty to protect the minor Plaintiff, BY, from harm while on the premises of each of the Defendants and while said minor Plaintiff was enrolled in the academy and

school and resided in Defendant's parsonage and/or the academy residence hall." It appears that Count Two is alleging a negligent and/or wanton breach of the duty to protect BY by Defendant. Count Two does go on in Paragraph 20 to state that the breach of the duty was the alleged sexual misconduct of the Defendant.

The question for our purposes in this Declaratory Judgment action is whether the Defendant in any way breached his duty to protect BY aside from the alleged sexual misconduct. There are allegations contained in the complaint in the underlying lawsuit that Defendant provided prescription drugs to BY including Ambien and Loratab which were not prescribed to BY. (See Plaintiff's Exhibit B, Paragraph 10.) Defendant would state that the alleged providing of controlled substances to BY is totally separate from the alleged sexual misconduct of Defendant toward BY in the underlying lawsuit. By being separate and aside from the alleged sexual misconduct of Defendant, Defendant would state that under Count Two in the underlying lawsuit there is a claim being made that he breached his duty to protect BY by providing her with controlled substances in violation of his duty to protect her while she was in his custody.

Count Three in the Complaint alleging negligent and/or wanton intentional infliction of emotional distress states that the Defendant "knew or

should have known that the acts of the said Robert Stanley Daniel in sexually molesting and abusing the minor Plaintiff BY would cause the Plaintiff to suffer severe emotional distress." Again, Defendant would submit that there are allegations contained in Count Three which are separate and aside from the alleged sexual misconduct of Defendant. Namely, the abusive acts of the Defendant toward the Plaintiff in the underlying lawsuit. The abusive acts alleged would include the supplying of controlled substances to BY and manipulating her emotions in exchange for supplying the controlled substances. There is no question that the alleged sexual misconduct also makes up a basis for the allegations contained in Count Three. However, there are also allegations made in Count Three which are totally aside and separate from the alleged sexual misconduct.

Count Four of the underlying lawsuit alleging that Defendant invaded BY's solitude and seclusion is based upon the alleged sexual misconduct of the Defendant. The allegations contained in Count Four are also based upon communications between Defendant and Plaintiff via electronic means. This raises a question as to what constitutes sexual misconduct under the homeowner's policy at issue. The exchanges which took place between Defendant and BY and/or BY's stepmother are alleged to be sexual in nature. However, there is no definition of sexual misconduct in the homeowner's

policy at issue.  Defendant would state that there is a genuine issue of material fact as to what constitutes sexual misconduct and whether his actions in responding to BY and/or her stepmother's messages constitute sexual misconduct.  If Defendant's actions and messages were determined to not constitute sexual misconduct then there would be allegations in Count Four of the underlying lawsuit which are separate and aside from Defendant's alleged sexual misconduct.

Count Five alleges a breach of fiduciary duty in that Defendant failed to properly care for and protect BY while she was in his custody and is comparable to Count Two which alleges negligent and/or wanton breach of the duty to protect.  The same argument applies herein that there are allegations totally separate and apart from the alleged sexual misconduct of Defendant.  Those allegations include Defendant allegedly supplying BY with controlled substances which would be a breach of his fiduciary duty to care for and protect BY.  Said breach is totally separate and apart from any alleged sexual misconduct of Defendant.

Count Six of the underlying lawsuit alleges that Defendant's actions toward Plaintiff were "so outrageous in character and so extreme in degree so as to go beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society".  This Count contains no mention of the

alleged sexual misconduct of Defendant. It can be argued that the Count is based on the totality of Defendant's alleged conduct toward BY. The totality of said conduct does include the alleged sexual misconduct of Defendant but as previously stated it also includes other alleged misconduct on the part of Defendant namely the supplying of controlled substances and the breach of duty that he owed to BY and the emotional manipulation of BY by the Defendant.

The alleged sexual misconduct of Defendant does make up a large portion of the underlying lawsuit. However, there are allegations against Defendant other than the alleged sexual misconduct.

Those claims falling outside of the alleged sexual misconduct are to be evaluated under the subjective intent test which provides for a determination as to whether the alleged results of the accused's actions were expected and/or intended in order to establish whether an "occurrence" took place. Such a determination is a **question of fact for the jury**. State Farm Fire and Casualty Company v. Davis, 612 So.2d 458 (Ala. 1993).

## BUSINESS EXCLUSION

Plaintiff argues that the business exclusion in the policy at issue precludes coverage for the claims contained in the underlying complaint against Defendant. The policy does contain an exclusion under Section 2 -

Liability Coverage for bodily injury or property damage "arising out of or in connection with a business …"  (See Plaintiff's Exhibit A, Page 9.)

The exclusion at issue in this policy was also at issue in <u>State Farm Fire and Casualty v. Burkhardt</u>, 96 F.Supp. 2d 1343 (M.D. Ala. 2000) where Judge Albritton stated that, "when a claim does not legally require an employment relationship as an element of the claim, damage is not caused by a business pursuit simply because the alleged misconduct incurred during employment. <u>State Farm Fire and Casualty Company v. Burkhart</u>, 96 F. Supp. 2d 1343 (M.D. Ala. 2000).

The Court noted that prior to its decision, the Alabama Supreme Court had not addressed the question of whether inappropriate behavior of a sexual nature is excluded by business pursuits exclusion.  Judge Albritton determined that the business pursuits exclusions did not preclude coverage under a policy where the alleged misconduct of the insured was not predicated upon his employment and fell outside the line and scope of the insured's employment.

Certainly the alleged misconduct of Defendant fell outside the line and scope of his employment as Pastor of El Bethel Baptist Church and Administrator of the Pearls of Promise Girls' Academy.  The allegations contained in the underlying lawsuit are based upon the alleged sexual misconduct and allegations that Defendant provided BY with controlled

substances that are addictive in nature for which she had no prescription.    The

conduct of Defendant was in no way connected with his role or duties as pastor

and administrator.

## V.  CONCLUSION

There exists genuine issues of material facts as to whether an

"occurrence" took place under the policy.  Whether an "occurrence" took place

depends upon whether Defendant expected or intended the alleged results of

his actions toward BY.

The sexual misconduct exclusion does not apply to every allegation

contained in the Complaint as there are allegations Defendant provided

controlled substances to BY.

The business exclusion does not apply to the allegations contained in the

Complaint as Defendant was not acting within the line and scope of his

employment.

Summary Judgment is due to be denied.

s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jannea S. Rogers
William P. Blanton
Adams & Reese
Post Office Box 1348
Mobile, Alabama  36633-1348

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

(NONE)

Respectfully submitted,

s/ John A. Tinney
John A. Tinney
Attorney for Defendant
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
Phone:  (334) 863-8945
Fax:  (334) 863-7114