**IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No. 3:07-cv-843-WKW |
| v. | * | |
| ROBERT STANLEY DANIEL | | |
| | * | |
| Defendant. | | |

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF COTTON STATES
MUTUAL INSURANCE COMPANY**

COMES NOW the Plaintiff, Cotton States Mutual Insurance Company (hereinafter "Cotton States"), by and through its undersigned counsel, and respectfully submits this its Reply to the Response in Opposition of the Defendant, Robert Stanley Daniel (hereinafter "Daniel").

**I.  The underlying claim controls whether the claim falls within coverage under Daniel's homeowner's policy.**

The underlying claims outline a case of sexual abuse of a minor child by Daniel as Administrator of a private boarding school operated by a church for which Daniel was also Pastor.  All five counts in the underlying complaint "*arise out of*" Daniel's business pursuits and alleged intentional acts of sexual misconduct, sexual molestation and physical and mental abuse.

Each claim in the underlying complaint incorporated by reference all preceding allegations and alleged Daniel was engaging the minor "in inappropriate and perverted

acts" (Complaint, ¶ 9), using Daniel's position "to satisfy his own perverted desires and prurient interests" (*Id.*), describing specifically the acts alleged to have occurred in which Daniel "sexually molested the minor" (*Id.* at ¶ 11) and describing specifically the acts alleged to have occurred in which Daniel physically and verbally "harassed and intimidated the minor" (*Id.* at ¶ 12).

In the first count for assault and battery, Daniel is further alleged to have "sexually assault[ed] and inflict[ed] unlawful physical and forcible contact on the body of the minor" (*Id.* at ¶ 15).

In the second count for negligence and/or wantonness, Daniel is alleged that he breached his duty to protect the minor from harm "by allowing the minor [child] to be sexually molested and abused while under the care, supervision and control of [Daniel]" (*Id.* at ¶ 20).

In the third count for negligent and/or wanton intentional infliction of emotional distress, Daniel is alleged that he "knew or should have known that [his] acts . . . in sexually molesting and abusing the minor [child], would cause the [minor child] to suffer severe emotional distress" (*Id.* at ¶ 24).

In the fourth count for invasion of privacy, Daniel is alleged to have "forwarded voice messages, text messages, and photographs of an extremely lewd and lascivious nature" (*Id.* at ¶ 30) in which the photographs included "his genital area in an aroused state" (*Id.*).

In the fifth count for breach of fiduciary duty, Daniel is alleged to have breached his fiduciary duty by "sexually molest[ing] and abus[ing] the minor [child], and to thereafter forward lewd and lascivious messages and photographs" (*Id.* at ¶ 35).

Finally, in the last count for outrage, Daniel is alleged to have caused the minor "to suffer physical and emotional distress in other such manners as alleged [in the complaint] and that his actions were "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society" (*Id*. at ¶ 39).

## II.  Daniel *admits* Cotton States is due at least Partial Summary Judgment.

Daniel admits his homeowner's policy does not cover the first count for sexual assault and battery.  In reference to the exclusion for claims arising out of sexual misconduct, Daniel states "Count One alleging assault and battery clearly is based solely upon the alleged sexual misconduct of [Daniel]."  Because this claim for bodily injury or property damage for assault and battery arises out of Daniel's alleged sexual misconduct, this count in the underlying suit is not covered by the policy of insurance issued. Therefore, Summary Judgment is appropriate on Count One by admission of Daniel.

Daniel agrees with Cotton States on at least the following points.  First, Daniel agrees the policy does not cover claims for bodily injury or property damage which "*arises out of*" sexual misconduct, sexual molestation, corporal punishment or physical or mental abuse.  Second, Daniel agrees for an "occurrence" to be covered by his homeowner's policy, it cannot be based upon claims for bodily injury or property damage which were expected or intentional.  And third, Daniel also agrees the policy does not cover bodily injury or property damage which "*arises out of*" business pursuits.  Daniel fails to see that these points also apply to deny Daniel coverage on the remaining five claims as well.

**III.   The remaining five claims in the underlying complaint *"arise out of"* the Daniel's business pursuits and *"arise out of"* Daniel's alleged intentional acts of sexual misconduct, sexual molestation and physical and mental abuse.**

There was not an "occurrence" which is covered by Daniel's homeowner's policy.  As stated in Cotton States' Brief in Support of its Motion for Summary Judgment (to which the underlying complaint was attached as Exhibit "B"), the business-pursuits exclusion and the intentional-acts exclusion both apply to deny Daniel coverage on all counts in the underlying complaint.   As to the business-pursuits exclusion, Daniel's homeowner's policy excludes coverage for claims for bodily injury or property damage "*arising out of*" business pursuits.  Daniel misapplies *State Farm Fire and Cas. Co. v. Burkhardt*, 96 F.Supp.2d 1343 (M.D.Ala. 2000).  *Burkhardt* is distinguishable from the case at hand.  In *Burkhardt*, the policy excluded coverage for any loss "*caused by*" business pursuits.  *Id*. at 1348 (emphasis added).  Thus, the Court found this policy language in *Burkhardt* to be distinguishable in a "significant" respect from the identical "*arising out of*" language in Daniel's policy.  *Id*. at 1349.  This "*caused by*" policy language in *Burkhardt* is "more restrictive in that it requires that the conduct have been "caused by" business pursuits.  *Id*.  Thus, the Court found that this restrictive language is dependent upon an "employment relationship as an element of the claim" for it to apply. *Id*. at 1350.

The Court in Burkhardt noted that the Alabama Supreme Court has not addressed this issue and relied on a Michigan case for analysis of the "*arising out of*" policy language.  *Id*. at 1349.  For the "*arising out of*" policy language for the business-pursuits exclusion to apply, the alleged injury or damage should occur at the site where "the policy holder worked."  *Id*.  Daniel cannot avoid a basic and simple fact.  He would not

have had access to the minor but for his positions as Pastor of the minor's Church and

Administrator of the minor's Academy.  The Academy was created and operated by the

Church (Complaint, ¶ 5).  The minor resided in the parsonage of Daniel and the Church

and later in the residence quarters of the Academy (*Id*. at ¶ 8).

> While the minor [child] was enrolled in the [A]cademy and attending the
> [S]chool and the [C]hurch, and while living on the grounds of the
> academy, school and church in the parsonage occupied by [Daniel] and
> later in the residence quarters of the [A]cademy, [Daniel] used his position
> of authority and trust as the Pastor of the [C]hurch and the Administrator
> of the [A]cademy, and the [S]chool to engage the minor [child] in
> inappropriate and perverted acts.  The said [Daniel] willfully and craftily
> garnered the trust of the minor [child] to satisfy his own perverted desires
> and prurient interests.

(*Id*. at ¶ 9)  Accordingly, because Daniel only had access to the minor through Daniel's

positions as Pastor and Administrator and because Daniel's sexual misconduct was

alleged to have occurred on the sites where Daniel worked, the claims for bodily injury

and property damages "*arose out of*" Daniel's business pursuits and are expressly

excluded from coverage under Daniel's homeowner's policy.

Furthermore, Daniel's homeowner's policy also excludes coverage for claims of

bodily injury or property damage which were expected or intended from the intentional

acts of Daniel.  The remaining five counts in the underlying complaint expressly

incorporate all preceding allegations of sexual abuse and additionally state allegations of

sexual abuse as part and parcel of the elements establishing each of the claims for relief.

Intent to injure is inferred in a case of sexual abuse of a child as a matter of law and as a

judicially recognized exception to the general rule of the subjective-intent standard in

which intent is a question of fact.  *Horace Mann Ins. Co. v. Fore*, 785 F.Supp. 947, 955-

956 (M.D.Ala. 1992) ("*The court believes that Alabama would follow the inferred-intent*

*rule, joining virtually every court in the nation that has considered this the issue [of coverage for alleged sexual abuse of a child]."*); and *State Farm Fire and Cas. Co. v. Davis*, 612 So.2d 458, 464 (Ala. 1993) (*"Alabama now joins the growing number of states that have adopted the inferred-intent rule in child sex abuse cases."*).

Incredulously, Daniel contends that one allegation in the underlying complaint for "providing controlled substances" to the minor somehow renders analysis of the remaining five counts in the underlying claim subject to the subjective-intent standard. He argues that the provision of narcotics to a minor in exchange for sexual favors *is somehow not the same as* sexual abuse or sexual misconduct.

The underlying complaint alleges (Complaint, ¶ 3) that Daniel is Pastor of El-Bethel Baptist Church and Administrator of the Pearls of Promise Girls Academy and the El-Bethel Baptist Christian School. This allegation makes clear the entire underlying complaint is a case of sexual abuse of a child wrought in the course of Daniel's business pursuits. Every count in the entire underlying complaint makes general and specific allegations of "inappropriate and perverted acts" of Daniel's personal participation in the sexual abuse of the minor, either through his personal acts, through electronic communications and/or through drug use.

Daniel also ignores and overlooks the *ratio decidendi* in *Davis* involved allegations without reference to personal sexual misconduct. In *Davis*, the wife of a husband accused of sexual abuse and molestation of children was sued for breach of duty to report the egregious acts of her husband. The Alabama Supreme Court "rejected any contentions by Delores Davis that she should be afforded coverage because she was not accused of an intentional act . . . ." *Davis*, 612 So.2d at 466. Intent was inferred as a

6

matter of law, and coverage under Mrs. Davis' homeowner's policy was correctly denied because an occurrence therein excluded a claim for bodily injury or damages which were expected or intentional.  *Id*. at 460. [1]

Similarly, Daniel is not afforded coverage from his homeowner's policy simply because every allegation does not specifically state personal acts of sexual misconduct and because every count does not express a specific intentional act.  Because every count in the underlying complaint makes general and specific allegations of sexual misconduct of Daniel on the minor, *Daniel's intent to injure the minor is inferred as a matter of law on all counts*.  Accordingly, the claims for bodily injury and property damage from intentional acts are excluded from the definition of an occurrence in Daniel's homeowner's policy.  The clear language of Daniel's policy precludes coverage.

## IV.  Daniel erroneously contends providing narcotic drugs to a minor child is a covered claim.

Daniel is alleged in the underlying complaint to have provided drugs to the minor. He attempts to contend this allegation is not related to and is "totally separate" from sexual misconduct and therefore is covered by his homeowner's policy.  Daniel's contention is incomprehensible and flies in the face of the pleadings below and common sense.  All five remaining counts in the underlying complaint expressly incorporate all preceding allegations of sexual abuse and additionally state allegations of sexual abuse in the elements establishing each claim for relief.  All five remaining counts also expressly incorporate allegations that Daniel's contact with the minor was solely attributable to his relationship as Pastor of the Church and Administrator of the Academy and School.

---

[1] In *Davis*, the husband was also denied coverage under his homeowner's policy for claims of Mr. Davis' intentional acts of personal sexual misconduct.  *Davis*, 612 So.2d at 465.

Daniel argues he provided the minor "with prescription drugs, including Ambien and Loratab, on a regular basis" (*Id*. at ¶ 10) apparently inferring the activity was not inappropriate and therefore should be covered by his homeowner's policy.

> [Daniel] began providing the minor [child] with prescription drugs, including Ambien and Loratab, on a regular basis. Further, [Daniel] allowed the minor [child] and, in fact, encouraged her to break the rules and regulations established for students of the Pearls of Promise Girls Academy, and for these favors inquired of the minor [child] as to what she was going to do for him.

(*Id*.) Thus, Daniel *neglected* to continue that the regular provision of such drugs was one of the "favors" (*Id*.) for which he inquired of the minor "as to what she was going to do for him" (*Id*.).

It is clear and undisputed Daniel is alleged to have abused his positions of authority as Administrator of a private boarding school and Pastor of the church that operated the school to provide drugs, prescription or otherwise, to a minor child who was a student enrolled at that school and was a member of that church. He is alleged to have provided those drugs as means to perform his alleged sexual misconduct. Daniel is not entitled to coverage pursuant to the clear language of his homeowner's policy whether the basis be on claims for bodily injury or property damage (1) which "*arose out of*" Daniel's business pursuits, (2) which were expected or intentional or (3) which "*arose out of*" sexual misconduct, sexual molestation, corporal punishment or physical or mental abuse.

**Based on the foregoing, Summary Judgment on all counts is appropriate such that Daniel is afforded no coverage from his homeowner's policy for the claims asserted against him in the underlying complaint.**

Respectfully submitted,

/s/ ERIC B. CROMWELL, II
JANNEA S. ROGERS (ROG024)
ERIC B. CROMWELL, II(CRO078)
Adams and Reese LLP
11 N. Water Street, Ste 23200
Mobile, Alabama  36602
251.433.3234
251.438.7733  facsimile
jannea.rogers@arlaw.com
eric.cromwell@arlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 22nd day of July, 2008 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non CM/ECF participants:

John A. Tinney, Esq.
P. O. Box 1430
Roanoke, Alabama  36274

/s/ Eric B. Cromwell, II
OF COUNSEL